Alvon A. ROSS, Plaintiff-Appellee,

v.

AMERICAN EXPORT ISBRANDTSEN LINES, INC., Defendant-Appellant.

No. 345, Docket 71–1697.

United States Court of Appeals,
Second Circuit.

Argued Dec. 9, 1971.

Decided Jan. 10, 1972.

---

3. *See* Devore v. United States, 368 F.2d 396 (9th Cir. 1966); *cf.* United States v. Cerullo, 435 F.2d 142 (5th Cir. 1970).

---

Ned R. Phillips, New York City (Abraham E. Freedman, New York City, on the brief), for plaintiff-appellee.

Stephen K. Carr, New York City (Thomas H. Lynch and Haight, Gardner, Poor & Havens, New York City, on the brief), for defendant-appellant.

Before ANDERSON, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

The sole question raised on this appeal from a judgment entered upon a jury verdict awarding damages to a seaman for personal injuries sustained while employed on defendant's ship is whether the trial judge erred in excising an incomplete sentence from the ship's surgeon's log because the sentence was incomplete. Finding no prejudicial error, we affirm.

Plaintiff Alvon A. Ross, while employed as a seaman on the S. S. Independence, owned by defendant American Export Isbrandtsen Lines, Inc., sustained a back injury when he slipped and fell on ice on the sports deck during the early morning of February 11, 1967. After a two day jury trial of plaintiff's action brought under the Jones Act, 46 U.S.C. § 688 et seq. (1970), in the Southern District of New York, Lloyd F. MacMahon, *District Judge*, the jury returned a $62,000 plaintiff's verdict which, upon motion of defendant on ground of excessiveness, was reduced to $40,000. Plaintiff consented to entry of judgment in the reduced amount, from which defendant appeals.

The issue raised on appeal is very narrow indeed. Liability is not contested. Nor is the trial judge's order reducing the verdict from $62,000 to $40,000 on ground of excessiveness challenged. Defendant seeks a new trial solely on the ground of the trial judge's excision of the following incomplete sentence from the ship's surgeon's log for February 13, 1967 when offered in evidence by defendant's counsel on his recross examination of Dr. Harry Sherman, plaintiff's medical witness, purportedly to show that plaintiff was malingering:

> "Back examination shows crew member assuming postures and attitudes which is not due to any back disability because the doctor — —"

The entry in question presumably was made by one of two doctors on the ship —Dr. Max A. Blumer or Dr. Joseph Brune—both employed by defendant. Neither doctor was called as a witness by defendant, nor was their absence at trial accounted for.

We hold that the excised sentence from the surgeon's log should have been admitted in evidence as a business entry under the Federal Business Records Act, 28 U.S.C. § 1732(a) (1970), and that the incompleteness of the entry was a factor to be weighed by the jury.[1] United

---

[1] It would have been better practice for defendant's counsel to have made clear to the trial judge that admission of the incomplete sentence was being claimed under the Federal Business Records Act and to have brought to the attention of the trial judge the authorities, cited on appeal for the first time, that incompleteness of a business entry does not affect its admissibility but is a factor to be weighed by the jury. United States v. Re, *supra*, 336 F.2d at 313; United

States v. Re, 336 F.2d 306, 313 (2 Cir.), cert. denied, 379 U.S. 904 (1964); United States v. Kimmel, 274 F.2d 54, 57 (2 Cir. 1960); La Porte v. United States, 300 F.2d 878, 880 (9 Cir. 1962).[2]

Upon the entire record, however, the excision of the incomplete sentence did not affect the substantial rights of defendant. Rule 61, Fed.R.Civ.P. The truncated entry does not necessarily indicate malingering. There is no other suggestion of malingering in the uncontradicted medical testimony and records in the case, including the nine other un-

disputed entries in the ship's surgeon's log; the medical record of the United States Public Health Service Outpatient Clinic at San Juan, Puerto Rico, made on the same day as the disputed entry; and the medical records of the United States Public Health Service Hospital at Stapleton, Staten Island, where plaintiff was an inpatient from May 2 through May 17, 1967 and an outpatient from May 27 through October 3, 1967. Defendant did not call either of its own doctors who were aboard the ship, or any other medical witness, to contradict

States v. Kimmel, *supra*, 274 F.2d at 57; La Porte v. United States, *supra*, 300 F.2d at 880.

Our examination of the complete trial transcript shows that the following colloquy constitutes the sole basis urged upon the trial judge for admission of the entry in question:

"Mr. Carr [Defendant's Counsel]: Your Honor, I would like to offer the entire surgeon's log of the S.S. Independence into evidence as it relates to the plaintiff.

Mr. Phillips [Plaintiff's Counsel]: I have an objection, your Honor, as to a single entry of that medical log.

May I approach the bench?

The Court: Yes.

(At the bench.)

The Court: Let me see it.

What do you say?

Mr. Carr: About what?

The Court: It is not even a complete sentence.

Mr. Carr: I don't know. What do you want me to say? It is not a complete sentence, then it is not a complete sentence. It speaks for itself.

Mr. Phillips: I ask that it be physically excised from the exhibit. That is the only objection I have.

Mr. Carr: I have no objection to excising the incomplete sentence from the exhibit.

The Court: All right, excise it.

Mr. Carr: Your Honor, I have to go back to the particular statement I want to show the doctor.

The Court: It is an incomplete sentence. Not in that form.

Mr. Carr: Your Honor, Mr. Phillips has opened the door here about malingering and this is the exact entry in the medical log.

The Court: It may be the exact entry, but he does not state his reasons or anything else.

Mr. Carr: If you want to end the sentence with disability.

The Court: No, I can't go chopping the sentence. No, I will exclude that."

2. It of course is fundamental that, in order to claim admissibility of an otherwise hearsay statement, see 5 Wigmore, Evidence § 1522, at 370 (3rd ed. 1940), under the Federal Business Records Act, a foundation must be laid establishing the indispensable requirements of the statute, 28 U.S.C. § 1732(a) (1970): that the memorandum or record of an event was made in the regular course of business and that it was the regular course of business to make such memorandum or record at the time of the event or within a reasonable time thereafter. Bowman v. Kaufman, 387 F.2d 582, 587 (2 Cir. 1967); see Proposed Rules Of Evidence for the United States Courts and Magistrates, Rule 803(6) (1971).

Here, while the trial judge was in no way informed that defendant was relying on the statute and the cases now cited to us for admission of the entry in question, we find in the pretrial order of June 23, 1970 (not mentioned in the briefs or at oral argument, and not included in the joint appendix) a provision reflecting the agreement of the parties that the "[m]edical log entries relating to plaintiff" were among the documents which were authentic and might be received in evidence, subject to the right of each party to object on grounds of relevance, materiality and hearsay. (Original Record On Appeal, Document No. 24, pp. 4–5.) Since no objection on one of these grounds was interposed at trial (see colloquy set forth above in footnote 1), we must assume that the entry in question was admissible pursuant to the provision of the pretrial order mentioned.

the medical testimony and records which showed by an overwhelming preponderance that plaintiff sustained a serious back injury. And any conceivable impact of the exclusion of the incomplete sentence upon the alleged excessiveness of the verdict, as defendant claims, would appear to have been adequately offset by the remittitur of more than one-third of the amount of the verdict ordered by the trial judge—an order not appealed from by defendant. In short, we hold that excision of the incomplete sentence from the surgeon's log, not being prejudicial, was not reversible error.

Affirmed.